WILLIAM P. BARR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA Bar No. 189441)
Deputy Chief
ONESHIA S. HERRING (NC Bar No. 41308)
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    4 Constitution Square
    140 M Street, NE, 8.1130
    Washington D.C. 20530
    Telephone: (202) 353-4132
    Facsimile: (202) 514-1116
    E-mail: Oneshia.Herring@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
KAREN P. RUCKERT (CA Bar No. 315798)
Assistant United States Attorney
Chief, Civil Rights Section
ACRIVI COROMELAS (CA Bar No. 298305)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-2404
    Facsimile: (213) 894-7819
    E-mail: Acrivi.Coromelas@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FILOMENO HERNANDEZ, RAMIN AKHAVAN, BONNIE BRAE INVESTMENT SERVICES LLC, and WESTLAKE PROPERTY SERVICES LLC, <br><br> Defendants. | No. CV 20-00327 <br><br> COMPLAINT AND DEMAND FOR A JURY TRIAL |

Plaintiff United States of America hereby alleges as follows:

## PRELIMINARY STATEMENT

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601 *et seq.* (the "Fair Housing Act").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the claims in this action under 28 U.S.C. §§ 1331, 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the claims alleged herein occurred in the Central District of California, and the Defendants reside or do business in the Central District of California.

## DEFENDANTS

4. Defendant Filomeno Hernandez is a resident of Los Angeles, California.

5. Defendant Ramin Akhavan is a resident of Los Angeles, California.

6. Defendant Bonnie Brae Investment Services LLC is a California limited liability corporation with its business address in Los Angeles, California. Defendant Ramin Akhavan is the sole member of Bonnie Brae Investment Services LLC. In 2004, Defendant Ramin Akhavan formed Bonnie Brae Investment Services LLC.

7. Defendant Westlake Property Services LLC is a California limited liability corporation with its business address in Los Angeles, California. Defendant Ramin Akhavan is the sole member of Westlake Property Services LLC. In 2004, Defendant Ramin Akhavan formed Westlake Property Services LLC.

## GENERAL ALLEGATIONS

8. In 1995, Defendant Akhavan purchased the property located at 720 South Westlake Avenue in Los Angeles, California ("Westlake").

9. Westlake is one apartment building with 82 units. It also has a small annex building with four units. Some of the Westlake units do not contain bathrooms, so those tenants must use the communal bathrooms located on each floor. Westlake is a

1  "dwelling" with the meaning of 42 U.S.C. § 3602(b).

2      10.    In 1998, Defendant Akhavan purchased the rental property at 729 South Bonnie Brae Street in Los Angeles, California ("Bonnie Brae").

4      11.    Bonnie Brae is one apartment building with 97 units. Some of these units contain bathrooms. Other units do not have bathrooms, so tenants must use the communal bathrooms located on each floor. The Bonnie Brae property is a "dwelling" with the meaning of 42 U.S.C. § 3602(b).

8      12.    In 2004, after forming Bonnie Brae Investment Services LLC, Defendant Akhavan transferred ownership of Bonnie Brae to Bonnie Brae Investment Services LLC.

11      13.    In 2004, after forming Westlake Property Services LLC, Defendant Akhavan transferred ownership of Westlake to Westlake Property Services LLC.

13      14.    Defendant Akhavan has comingled the funds of Bonnie Brae Investment Services LLC and Westlake Property Services LLC, both with each other and with his personal finances. For instance, Defendant Akhavan, through Bonnie Brae Investment Services LLC, refinanced Bonnie Brae's mortgage in 2008 for between 1.5 to 1.75 million dollars; he gave himself some of that amount, and he used approximately $750,000 for repairs at Westlake. Defendant Akhavan also took out personal loans for Bonnie Brae repairs.

20      15.    In 2005, Defendant Akhavan hired Defendant Hernandez as property manager of Bonnie Brae. Defendant Hernandez has been the property manager at Bonnie Brae from 2005 to the present.

23      16.    In 2008, Defendant Akhavan hired Defendant Hernandez as property manager of Westlake. Defendant Hernandez has been the property manager at Westlake from 2008 to the present.

26      17.    Although Defendant Hernandez manages both Bonnie Brae and Westlake, he only receives a salary from Bonnie Brae Investment Services LLC.

28      18.    Additionally, as part of his compensation, Defendant Hernandez initially

1 received one unit on the first floor of Bonnie Brae, rent free. Defendant Akhavan has
2 since provided him a second unit on the first floor of Bonnie Brae, rent free. Defendant
3 Hernandez resides on the first floor of Bonnie Brae.

4       19.    Defendant Hernandez participates in all aspects of management of Bonnie
5 Brae and Westlake. His job duties include approving new tenants, collecting rent,
6 receiving maintenance requests, making repairs, communicating with tenants regarding
7 utility bills and late rental payments, assisting with eviction proceedings, and preparing
8 vacant units for new tenants. Because neither property has locked mailboxes, Defendant
9 Hernandez sorts the mail and hands it to tenants when they visit the properties' offices.

10       20.    Defendant Akhavan trained Defendant Hernandez on how to manage the
11 building and the office. He did not provide any training to Defendant Hernandez
12 regarding sexual harassment. Defendant Akhavan evaluates Defendant Hernandez's
13 performance and Defendant Hernandez reports to him. Typically, Defendant Akhavan
14 goes to Bonnie Brae approximately twice a week. He approves of large maintenance
15 projects that require the work of an outside person or company. He also makes decisions
16 related to raising rents and evicting tenants.

17       21.    Defendant Bonnie Brae Investment Services LLC, as owner or principal,
18 expressly or implicitly granted Defendant Hernandez authority to act as an agent on its
19 behalf at all times relevant to this action.

20       22.    Defendant Westlake Property Services LLC, as owner or principal,
21 expressly or implicitly granted Defendant Hernandez authority to act as an agent on its
22 behalf at all times relevant to this action.

23       23.    Since at least 2006, Defendant Hernandez has subjected female tenants at
24 Bonnie Brae and Westlake to discrimination on the basis of sex, including severe,
25 pervasive, and unwelcome sexual harassment, on multiple occasions. Defendant
26 Hernandez's conduct has included, but is not limited to:

27       a.    Subjecting female tenants to unwelcome sexual contact, including
28           sexual assault;

3

     b.    Frequently making unwelcome sexual comments and unwelcome sexual advances to female tenants;

     c.    Making intrusive, unannounced visits to female tenants' homes to conduct and further his sexual advances; and

     d.    Conditioning or offering to grant tangible housing benefits—such as reducing rent or excusing late or unpaid rent—in exchange for engaging in sexual acts with him.

24. The experiences of these female tenants were not isolated instances. Rather, these were part of Defendant Hernandez's longstanding pattern or practice of illegal sexual harassment of numerous female tenants.

25. Defendants Akhavan, Bonnie Brae Investment Services LLC, and Westlake Property Services LLC are vicariously liable for the actions of their agent, Defendant Hernandez.

26. The above-described actions and conduct of Defendant Hernandez caused female tenants to suffer physical harm, fear, anxiety, and emotional distress, and inhibited their ability to secure housing for themselves and their families.

## CLAIM FOR RELIEF

27. Plaintiff United States of America realleges the allegations contained in paragraphs 1 through 26 above. By these actions and statements, Defendants have:

     a.    Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

     b.    Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

     c.    Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair

4

Housing Act, in violation of 42 U.S.C. § 3617.

28. Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, where such denial raises an issue of general public importance.

29. There are victims of Defendants' discriminatory conduct. Such persons are aggrieved persons, as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendants' conduct.

30. Defendants' conduct was intentional, willful, or taken in reckless disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an Order that:

a. Declares that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

    i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

    ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv. Failing or refusing to take such affirmative steps as may be

|   |   |   |
|---|---|---|
| 1 |   | necessary to prevent the recurrence of any discriminatory conduct in |
| 2 |   | the future and to eliminate, as nearly as practicable, the effects of |
| 3 |   | Defendants' unlawful practices; |
| 4 | c. | Awards such preventive relief, including a permanent or temporary |
| 5 |   | injunction, restraining order, or other order against Defendants for a |
| 6 |   | violation of the Fair Housing Act, as amended, pursuant to 42 U.S.C. |
| 7 |   | § 3614(d)(1)(A); |
| 8 | d. | Awards monetary damages to each person aggrieved by Defendants' |
| 9 |   | discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B); |
| 10 | e. | Assesses civil penalties against Defendants in order to vindicate the public |
| 11 |   | interest, pursuant to 42 U.S.C. § 3614(d)(1)(c); and |
| 12 | f. | Grants such other and further relief as the Court deems just and proper. |

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## **DEMAND FOR JURY TRIAL**

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 13, 2020

Respectfully submitted,

WILLIAM P. BARR
Attorney General

NICOLA T. HANNA
United States Attorney
Central District of California

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

SAMEENA SHINA MAJEED
Chief,
Housing and Civil Enforcement Section

/s/ *Karen Ruckert*
KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ *R. Tamar Hagler*
R. TAMAR HAGLER
Deputy Chief
Housing and Civil Enforcement Section

/s/ *Acrivi Coromelas*
ACRIVI COROMELAS
Assistant United States Attorney
Civil Rights Section, Civil Division

/s/ *Oneshia S. Herring*
ONESHIA S. HERRING
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

Attorneys for the United States of America