ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA Bar No. 189441)
Deputy Chief
ONESHIA S. HERRING (NC Bar No. 41308)
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    150 M Street, NE, 8.1130 – 4CON
    Washington D.C. 20530
    Telephone: (202) 353-4132
    Facsimile: (202) 514-1116
    E-mail: Oneshia.Herring@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA Bar No. 315798)
Chief, Civil Rights Section
ACRIVI COROMELAS (CA Bar No. 298305)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-2404
    Facsimile: (213) 894-7819
    E-mail: Acrivi.Coromelas@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FILOMENO HERNANDEZ, RAMIN AKHAVAN, BONNIE BRAE INVESTMENT SERVICES LLC, and WESTLAKE PROPERTY SERVICES LLC,<br><br>    Defendants. | No. 2:20-cv-00327-DSF-AFM<br><br>REVISED STIPULATED PROTECTIVE ORDER<br><br>Honorable Alexander F. MacKinnon<br>United States Magistrate Judge |

**1.**

## A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Nothing in this Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

## B.  GOOD CAUSE STATEMENT

This action is likely to involve personal, financial and/or proprietary information for which special protection from public disclosure is warranted. Such confidential and proprietary materials and information consist of, among other things, personally-identifiable information ("PII") and other information protected by the Privacy Act, 5 U.S.C. § 552a, for individuals who are or were tenants at 720 South Westlake Avenue in Los Angeles, California ("Westlake") or 729 South Bonnie Brae Street in Los Angeles, California ("Bonnie Brae"). Some of the individuals who are alleged aggrieved persons of Defendants' alleged discriminatory housing practices are current tenants of Westlake or Bonnie Brae and fear retaliation.

This information is otherwise generally unavailable to the public, may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of

1  justice, a protective order for such information is justified in this matter. It is the intent of
2  the parties that information will not be designated as confidential for tactical reasons and
3  that nothing be so designated without a good faith belief that there is good cause why it
4  should not be part of the public record in this case.

5       **C.    ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER**
6               **SEAL**

7        The parties further acknowledge, as set forth in Section 13.3, below, that this
8  Stipulated Protective Order does not entitle them to file confidential information under
9  seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the
10  standards that will be applied when a party seeks permission from the court to file material
11  under seal.

12        There is a strong presumption that the public has a right of access to judicial
13  proceedings and records in civil cases. In connection with non-dispositive motions, good
14  cause must be shown to support a filing under seal. *See Kamakana v. City and County of*
15  *Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d
16  1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577
17  (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a
18  specific showing of good cause or compelling reasons with proper evidentiary support and
19  legal justification, must be made with respect to Protected Material that a party seeks to
20  file under seal. The parties' mere designation of Disclosure or Discovery Material as
21  CONFIDENTIAL does not—without the submission of competent evidence by
22  declaration, establishing that the material sought to be filed under seal qualifies as
23  confidential, privileged, or otherwise protectable—constitute good cause.

24        Further, if a party requests sealing related to a dispositive motion or trial, then
25  compelling reasons, not only good cause, for the sealing must be shown, and the relief
26  sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos*
27  *v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of
28  information, document, or thing sought to be filed or introduced under seal in connection

with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 <u>Action</u>: this pending federal lawsuit.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Any information that a Party or Non-Party designates in good faith should be protected from disclosure and not used outside of this litigation, because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the Parties and/or Non-Parties, regardless of how it is generated, stored, or maintained), or tangible items that qualify for protection under Federal Rule of Civil Procedure 26(c).

For purposes of this Stipulated Protective Order, the Parties will limit their designation of "CONFIDENTIAL" information to the following categories of information or documents: names, social security numbers, taxpayer identification numbers, and birth dates; financial information such as financial account numbers, income tax returns, or other personal financial records; personnel and government records; criminal records and histories, if any, which are not publicly available; medical or psychological information, including conditions, treatments, names or types of healthcare providers and dates of visits to providers; telephone numbers, and current or past home addresses or any information

about the location of any person identified as a witness or potential witness. "CONFIDENTIAL" Information also includes the identities of such persons' minor children. Information or documents that are available to the public may not be designated as "CONFIDENTIAL." A Party may move the Court to include additional categories of information as "CONFIDENTIAL."

2.4    Counsel: attorneys who are employees of, or hired to represent, a Party to this Action (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure of Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    Final Disposition: occurs at the conclusion of this litigation, by expiration of a settlement agreement or consent order, final judgment, or final order, including all appeals.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   Professional Vendors: persons or entities retained by a Party or Non-Party to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

4

1    medium) and their employees and subcontractors.

2        2.13   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

3    as "CONFIDENTIAL."

4        2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from

5    a Producing Party.

6    **3.      CONTACT BETWEEN THE DEFENDANTS AND ALLEGED**

7    **         AGGRIEVED PERSONS**

8        Defendant Filomeno Hernandez and anyone operating on his behalf or at his

9    direction (excluding counsel of record, his employees, or anyone hired by Defendant's

10   counsel for the purpose of representing the Defendant in this action) shall not contact or

11   attempt to contact any person(s) identified by the Plaintiff in its initial or supplemental

12   disclosures or discovery responses as witnesses to, or potential aggrieved persons of,

13   Defendants' alleged discriminatory housing practices. To the extent that the contact

14   involves individuals residing in the buildings, contact in the ordinary course of business

15   may be conducted, such as a repair to a unit; in such instances contact may not be by

16   Defendant Hernandez himself.

17       Defendants Ramin Akhavan, Bonnie Brae Investment Services LLC, Westlake

18   Property Services LLC (collectively, "Owner Defendants"), and anyone operating on their

19   behalf or at their direction (excluding counsel of record, their employees, or anyone hired

20   by Owner Defendants' counsel for the purpose of rendering professional services in this

21   action) shall not contact or attempt to contact any person(s) identified by the Plaintiff in

22   its initial or supplemental disclosures or discovery responses as aggrieved persons of, or

23   persons with information related to, Defendants' alleged discriminatory housing practices,

24   unless such contact is necessary for the regular course of business.

25       If any Defendant proceeds *pro se* at any time during this action, that Defendant shall

26   interact with aggrieved persons, or persons with information to, this lawsuit by the Plaintiff

27   only for the purpose of discovery, including informal evidence-gathering interviews and

28   formally in accordance with the methods and procedures permitted under the Federal

1    Rules of Civil Procedure.

2    **4.    SCOPE**

3         The protections conferred by this Stipulation and Order cover not only Protected

4    Material (as defined above), but also (1) any information copied or extracted from

5    Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

6    Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel

7    that might reveal Protected Material. Any use of Protected Material at trial shall be

8    governed by the orders of the trial judge. This Order does not govern the use of Protected

9    Material at trial.

10   **5.    DURATION**

11        Once a case proceeds to trial, information that was designated as CONFIDENTIAL

12   or maintained pursuant to this Stipulated Protective Order used or introduced as an exhibit

13   at trial becomes public and will be presumptively available to all members of the public,

14   including the press, unless compelling reasons supported by specific factual findings to

15   proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447

16   F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in

17   discovery from "compelling reasons" standard when merits-related documents are part of

18   court record).

19   **6.    DESIGNATING PROTECTED MATERIAL**

20        6.1    Exercise of Restraint and Care in Designating Material for Protection. Each

21   Party or Non-Party that designates information or items for protection under this Order

22   must take care to limit any such designation to specific material that qualifies under the

23   appropriate standards. The Designating Party must designate for protection only those

24   parts of material, documents, items or oral or written communications that qualify so that

25   other portions of the material, documents, items or communications for which protection

26   is not warranted are not swept unjustifiably within the ambit of this Order.

27        Mass, indiscriminate or routinized designations are prohibited. Designations that

28   are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

6

1   to unnecessarily encumber the case development process or to impose unnecessary
2   expenses and burdens on other parties) may expose the Designating Party to sanctions.

3        If it comes to a Designating Party's attention that information or items that it
4   designated for protection do not qualify for protection, that Designating Party must
5   promptly notify all other Parties that it is withdrawing the inapplicable designation.

6        6.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
7   Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or
8   ordered, Disclosure or Discovery Material that qualifies for protection under this Order
9   must be clearly so designated before the material is disclosed or produced.

10       Designation in conformity with this Order requires:

11           (a)   for information in documentary form (e.g., paper or electronic
12  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),
13  the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
14  "CONFIDENTIAL legend"), to each page that contains protected material. If only a
15  portion of the material on a page qualifies for protection, the Producing Party also must
16  clearly identify the protected portion(s) (e.g., by making appropriate markings in the
17  margins).

18       A Party or Non-Party that makes original documents available for inspection need
19  not designate them for protection until after the inspecting Party has indicated which
20  documents it would like copied and produced. During the inspection and before the
21  designation, all of the material made available for inspection shall be deemed
22  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
23  copied and produced, the Producing Party must determine which documents, or portions
24  thereof, qualify for protection under this Order. Then, before producing the specified
25  documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
26  that contains Protected Material. If only a portion of the material on a page qualifies for
27  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
28  making appropriate markings in the margins).

(b)     for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material either on the record, or by, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designating portions of the transcript and/or exhibits thereto as "CONFIDENTIAL" Information by writing to Counsel for the Parties (and any Non-Parties present at the deposition or appearing at the pretrial proceeding) and by coordinating the creation and distribution of replacement transcripts by the court reporter. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" Information must be separately bound by the court reporter and may not be disclosed except as permitted under this Stipulated Protective Order.

(c)     for tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     for native electronic files or other Disclosure or Discovery Material that contain "CONFIDENTIAL" Information and that reasonably cannot be marked or endorsed with a label "CONFIDENTIAL," the Parties will meet-and-confer to consider and discuss reasonable options for the form of production that maintains the protections required by this Order.  For example, the Parties in good faith should consider (a) changing the filename of native electronic files to include "CONFIDENTIAL –" as a prefix to the existing filename, and

(e)     producing native electronic files containing "CONFIDENTIAL" Information on separate media (e.g., DVD) and/or in separate electronic folders adequately labeled to indicate the confidential nature of the contents.

(f)     for documents produced by the Los Angeles Police Department ("LAPD"), LAPD will, on a separate page entitled "Confidential Information on Calls for Service," identify categories and types of information that are protected confidential information.  This page shall accompany any disclosure of LAPD's records that contain

8

confidential and private information to any party listed in Paragraph 8.2.

        6.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receipt of the replacement materials, the Receiving Party should return or destroy the material that was not properly endorsed or labeled, but nothing in this provision requires a Party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of "CONFIDENTIAL" Information until it is overwritten or destroyed in the ordinary course of records management.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

        7.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

        7.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

        7.3   <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

        7.4   <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

        8.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action

for prosecuting, defending or attempting to settle this Action, except as provided in Section 8.2(g). Such Protected Material may be disclosed to the categories of persons and under the conditions described in this Order.

When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    <u>Non-Party Obligation re Receipt of Confidential Information</u>: To the extent confidential information (including identity of witnesses) is disclosed to a non-party, the non-party shall use that confidential information only for legitimate purposes in connection with litigation of this case. Each such non-party shall be expressly advised of this obligation at the time confidential information is disclosed to him or her;

(b)    Defendants—except that the following information may not be disclosed to Defendant Hernandez: contact information (including phone number, address, apartment location, and/or email address), social security numbers, taxpayer identification numbers, birth dates, witness financial information, and medical or psychological information as described in Section 8.3 below;

(c)    the Parties' Counsel and partners, supervisors, associates, secretaries, paralegal assistants, and staff of such counsel only to the extent reasonably necessary to render professional services in this Action;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the court and its personnel;

10

1    (f) court reporters, videographers, and their staff retained to take

2 depositions;

3    (g) professional jury or trial consultants, mock jurors, and Professional

4 Vendors to whom disclosure is reasonably necessary for this Action and who have

5 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (h) the Plaintiff and its counsel, staff, and law enforcement entities,

7 government agencies, and related personnel and officers in the course of business;

8    (i) the author or recipient of a document containing the information or a

9 custodian or other person who otherwise possessed or knew the information;

10    (j) witnesses and potential witnesses (and their counsel), including those

11 who may testify as witnesses at any deposition or hearing, provided that such disclosure

12 is reasonable and in good faith calculated to aid in litigating this Action;

13    (k) during their depositions, witnesses, and attorneys for witnesses, in the

14 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

15 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not

16 be permitted to keep any confidential information unless they sign the

17 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

18 by the Designating Party or ordered by the court. Pages of transcribed deposition

19 testimony or exhibits to depositions that reveal Protected Material may be separately

20 bound by the court reporter and may not be disclosed to anyone except as permitted

21 under this Stipulated Protective Order;

22    (l) any mediator or settlement officer, and their supporting personnel,

23 mutually agreed upon by any of the parties engaged in settlement discussions;

24    (m) independent providers of document reproduction, electronic discov-

25 ery, or other litigation services retained or employed specifically in connection with this

26 litigation; and

27    (n) if applicable, employees of any Defendant's insurance company only

28 to the extent necessary for representation of the Defendants in this action.

8.3     <u>Disclosure of Medical or Psychological Information.</u>     The Parties acknowledge that it is possible that information related to certain aggrieved individuals' medical or psychological condition or treatment, including names or types of healthcare providers and dates of visits to providers, may be exchanged during discovery in this case. The Parties further acknowledge the need to protect such sensitive and private information from inadvertent or unnecessary disclosure as stated in Section 3 above. Nothing in this Section limits counsel for Defendants from discussing the substance of the medical or psychological information with the Defendants in order to evaluate the Plaintiff's claims. If counsel for Defendants determines that disclosure of the actual records to Defendants is necessary, then counsel will explain the reasons for disclosure to counsel for the Plaintiff in advance of such disclosure. If the Counsel for the Parties cannot agree on the disclosure to Defendants, then any Party may file a motion with the Court before disclosure occurs. In the event a Defendant proceeds *pro se*, medical/psychological information may be disclosed directly to Defendant.

Defendants may attend portions of depositions where medical/psychological information is discussed only after they make a statement on the record that they will abide by this Order and not disclose the medical/psychological information to any person other than the Defendants' Counsel and only to the extent necessary to defend the claims against them. The Defendants are bound by the terms of this agreement with respect to any medical/psychological information they obtain through any other means during the course of this litigation, such as review of pleadings filed in this case or communications between the Parties in this case. Nothing in this section shall limit or otherwise affect any of the Parties' ability to use this information during depositions or in the litigation of this matter.

8.4     <u>Persons Bound by Stipulated Protective Order</u>. This Order will take effect when entered and is binding upon all counsel of record and their law offices, the Parties, and persons made subject to this Order by its terms.

8.5 <u>Applicability to Parties Later Joined.</u> If additional persons or entities become parties to this lawsuit, they must not be given access to any Protected Material until they

execute and file with the Court their written agreement to be bound by the provisions of this Order. Should any aggrieved person intervene in this lawsuit, her name and any information alleged publicly in her complaint shall not be considered Protected Material.

**8a.     NON-PARTY OBLIGATION RE RECEIPT OF CONFIDENTIAL INFORMATION**

To the extent confidential information (including identity of witnesses) is disclosed to a non-party, the non-party shall use that confidential information only for legitimate purposes in connection with litigation of this case. Each such non-party shall be expressly advised of this obligation at the time confidential information is disclosed to him or her.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this provision requires a party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of privileged or protected material until it is overwritten or destroyed in the ordinary course of records management. This provision is not intended to modify whatever procedure may be

established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**14.    FINAL DISPOSITION**

14.1    <u>Destruction of Protected Material</u>. After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has

1   complied with this provision.

2        14.2. <u>Retention of Work Product</u>. Notwithstanding requirements above to return or

3 destroy documents, Counsel are entitled to retain an archival copy of all pleadings, motion

4 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

5 deposition and trial exhibits, expert reports, attorney work product, and consultant and

6 expert work product, even if such materials contain Protected Material, so long as that

7 work product does not duplicate verbatim substantial portions of the text or images of

8 designated documents. Any such archival copies that contain or constitute Protected

9 Material remain subject to this Stipulated Protective Order as set forth in Section 4

10 (Duration). Counsel may use his or her own work product in subsequent litigation provided

11 that its use does not disclose Protected Information.

12        Nothing in this Stipulated Protective Order requires a Receiving Party to delete

13 manually any data from disaster recovery or backup systems even if that data may contain

14 copies or fragments of "CONFIDENTIAL" Information until it is overwritten or destroyed

15 in the ordinary course of records management.

16 **15.    JURISDICTION**

17        The Court's jurisdiction to enforce the provisions of this Order will terminate on the

18 final disposition of this case. But a party may file a motion to seek leave to reopen the case

19 to enforce the provisions of this Order.

20 / / /

21 / / /

22 / / /

23

24

25

26

27

28

1   **16.   VIOLATION**

2         Any violation of this Order may be punished by appropriate measures including,

3   without limitation, contempt proceedings and/or monetary sanctions.

4   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5   Dated: October 6, 2020

6   NICOLA T. HANNA                         ERIC S. DREIBAND
    United States Attorney                   Assistant Attorney General
7   Central District of California           Civil Rights Division
    DAVID M. HARRIS                          SAMEENA SHINA MAJEED
8   Assistant United States Attorney         Chief, Housing and Civil
    Chief, Civil Division                    Enforcement Section
9   KAREN RUCKERT                            R. TAMAR HAGLER
    Chief, Civil Rights Section              Deputy Chief, Housing and Civil
10                                           Enforcement Section

11  /s/ Acrivi Coromelas                     /s/ Oneshia S. Herring
    ACRIVI COROMELAS*                        ONESHIA S. HERRING
12  Assistant United States Attorney         Trial Attorney
    Civil Rights Section, Civil Division     United States Department of Justice
13                                           Civil Rights Division
                                             Housing and Civil Enforcement Section
14                                           *Attorneys for Plaintiff United States*

15  Dated: October 6, 2020                   FISCHER ZISBLATT & KISS LLP

16                                           /s/ Benjamin Kiss
                                             BENJAMIN KISS
17                                           *Attorneys for Defendants Ramin Akhavan,*
                                             *Bonnie Brae Investment Services LLC, and*
18                                           *Westlake Property Services LLC*

19  Dated: October 6, 2020                   LAW OFFICES OF BENJAMIN TAYLOR

20                                            /s/   Benjamin Taylor
                                             BENJAMIN TAYLOR
21                                           *Attorneys for Defendant Filomeno Hernandez*

22  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23  DATED: 10/7/2020

24                                           _____
                                             HON. ALEXANDER F. MacKINNON
25                                           United States Magistrate Judge

26

27  * I attest that all signatories listed, and on whose behalf this filing is submitted, concur in
28  this filing's content and have authorized the filing.

                                             17

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *United States v. Hernandez et al.*, Case No. 2:20−cv−00327−DSF−AFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

18